34313. PERRY *et al. v.* COPELAND.

DECIDED DECEMBER 5, 1952—REHEARING DENIED DECEMBER 19, 1952.

*Archibald A. Farrar, Brinson & Davis,* for plaintiffs in error.
*Thomas J. Espy Jr., Claude H. Porter, Hugh Reed Jr.,* contra.

FELTON, J. The only possible construction that can be placed on the petition is that the defendant misrepresented the amount of *land* which was described in the timber deed, Exhibit "A" of the petition, and that it was the representation as to the amount of *land* involved that they relied upon. It is not alleged nor can it be construed to allege that the defendant ever represented to the plaintiffs what amount of *timber* was contained in the tract as it was represented or what amount was contained in the tract on which the timber conveyed by the deed was located. Neither the timber deed, Exhibit "A," nor the allegations concerning the defendant's representation of the physical boundaries of the land, paragraph 1 of the petition, contain any reference to any definite amount of timber. There is no allegation that the plaintiffs knew or had reason to believe that the tract as represented contained enough salable timber to produce 500,000 board feet of lumber, or any definite amount of lumber. There is nothing alleged which would show that the alleged misrepresentation as to the amount of *land* covered by the timber deed misled the plaintiffs as to the amount of *timber* involved. This case is based on the theory, not that the plaintiffs were damaged by a shortage of acreage, but that they were damaged by a shortage of timber. It does not necessarily follow that more land contains more timber.

In the absence of allegations that the plaintiffs were misled by representations as to the amount of timber on the land in-

volved, or of allegations that they were misled as to the amount of timber involved by the misrepresentation as to the amount of land involved, the petition fails to allege a cause of action for deceit.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed.  Sutton, C.J., and Worrill, J., concur.*